No. 25-1664

# United States Court of Appeals
## For the Eighth Circuit

D. BART ROCKETT, as next friend of his minor child, B.R., and KADAN ROCKETT,

*Plaintiffs-Appellees*,

v.

ERIC EIGHMY, in his individual capacity only,

*Defendant-Appellant*.

On Appeal from the United States District Court for the Western District of Missouri, the Honorable M. Douglas Harpool

**ADDENDUM TO APPELLANT'S BRIEF**

**ANDREW BAILEY**
Missouri Attorney General

Maria Lanahan, #65956 (MO)
*Principal Deputy Solicitor General*
815 Olive Street, Ste. 200
St. Louis, MO 63101
Tel: (314) 340-4978
Fax: (573) 751-0774
Maria.Lanahan@ago.mo.gov

*Counsel for Defendant-Appellant*

## TABLE OF CONTENTS

**Copies of the District Orders/Opinions**

Clerk's Judgment filed 12/12/2024 (Doc. 174) .................................. Add. 001

Order denying Defendant's Motion to Alter or Amend Judgment entered 03/06/2025 (Doc. 197) .................................. Add. 002

Order granting in part Plaintiffs' Motion for Fees and Non-taxable Costs and Expenses entered 03/06/2025 (Doc. 199) .................... Add. 008

Clerk's Judgment entered 03/07/2025 (Doc. 201) ............................ Add. 012

Order on Bill of Costs entered 03/11/2025 (Doc. 202) ...................... Add. 013

Amended Clerk's Judgment entered 03/11/2025 (Doc. 203) ........... Add. 014

**Rules**

Fed. R. Civ. P. 49 .................................................................. Add. 015

Fed. R. Civ. P. 51 .................................................................. Add. 017

*UNITED STATES DISTRICT COURT*
*WESTERN DISTRICT OF MISSOURI*
*SOUTHERN DIVISION*

**JUDGMENT IN A CIVIL CASE**

| | | |
|---|---|---|
| D. BART ROCKETT, et al., | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 21-3152-CV-S-MDH |
| | ) | |
| ERIC DELL EIGHMY, | ) | |
| | ) | |

x Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_ Decision by Court. This action came to determination before the Court. The issues have been determined and a decision has been rendered.

Verdict A returned in favor of Plaintiff Kaden Rockett for unreasonable seizure. Claims for speech retaliation and violation of due process returned in favor of Defendant Judge Eighmy. Damages awarded in the amount of $5,000.00. $0.00 awarded for punitive damages.

Verdict B returned in favor of Plaintiff B.R. for unreasonable seizure. Claims for speech retaliation and violation of due process returned in favor of Defendant Judge Eighmy. Damages awarded in the amount of $5,000.00. $0.00 awarded for punitive damages.

**IT IS SO ORDERED**.

December 12, 2024
Date

Paige Wymore-Wynn
Clerk of Court

Entered on: December 12, 2024

s/Linda Howard
(By) Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **D. BART ROCKETT,**<br>**as next friend of his minor children,**<br>**K.R. and B.R,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**THE HONORABLE ERIC EIGHMY,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 6:21-cv-03152-MDH** |

**ORDER**

Before the Court is Defendant's Motion to Alter or Amend Judgment (Doc. 181) and Motion for Judgment as a Matter of Law. (Doc. 182).

**Motion for Judgment as a Matter of Law.**

At the close of Plaintiffs' evidence Defendant orally moved for judgment as a matter of law. The Court heard argument and denied the motion. At the close of Defendant's evidence Defendant again raised a motion for judgment as a matter of law and the Court again heard oral argument. The Court denied the motion. Defendant's current motion raises no new arguments for the Court to consider. The Court hereby **DENIES** the motion for judgment as a matter of law for the reasons previously stated in the record. (Doc. 182).

**Motion to Alter or Amend Judgment.**

Rule 59(e) empowers the Court to issue remitturs or alter or amend judgment. An aggrieved party may file a motion to alter or amend the judgment within 28 days of the judgment's entry. *Mecey v. City of Farmington*, No. 4:19-cv-1526, 2021 WL 38018 (E.D. Mo. Jan. 5, 2021); Fed. R. Civ. P. 59(e). Rule 59(e) motions to "alter or amend judgment serve the limited function of

correcting manifest errors of law or fact[.]" *Id*. "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)[.]" *United States v. Metro. St. Louis Sewer Dist*., 440 F.3d 930, 933 (8th Cir. 2006).

The jury found for Plaintiffs on their Fourth Amendment claims of unreasonable seizure and initially found the damages Plaintiffs suffered were "none." After the jury made this determination, Plaintiffs made an oral motion that the verdict was inconsistent. Pursuant to the jury instructions on unreasonable seizure to find in favor of Plaintiff the jury must find "as a direct result, plaintiff… was damaged" as the third element. However, if the jury found Plaintiffs were not damaged then a verdict in favor of Defendant would be appropriate.

Plaintiffs requested that the jury be given an instruction on nominal damages. Counsel for Defendant stated: "we're fine with the nominal damage instruction given, Your Honor." Later, in discussing how to send the verdict forms back to the jury (either new forms or the old ones that could be changed by interlineation), defense counsel stated: "our record is that when a nominal damages is not request nor objected to when a damage instruction are given and they don't award damages, therefore the plaintiff would not be the prevailing party. It's kind of in addition to what I've already argued…" However, no prior argument had been made on this issue.

The Court instructed the jury:

> I have just what I absolutely know you guys want, and that's more instructions. So I need you to go back to the jury room and I'm going to give you your verdicts back and some additional instructions. I want you to review Instruction 19, paragraph third and reconsider what verdict you may want to enter. Then I need you to review Instruction No. 29, paragraph third and reconsider what verdict you want to enter.
>
> You may not enter a verdict for plaintiffs on the seizure claims unless you find they incurred damage; however, you may award nominal damages that are described in the instructions I'm about to read to you.

> Instruction No. 21. "If you find in favor of plaintiff under Instruction 19 but you find the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of one dollar."
>
> Instruction No. 32-1. "If you find in favor of the plaintiff under Instruction No. 29 but you find that plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of one dollar."
>
> So if you'll read those two instructions and then decide what if any change you want to make in your verdict based on those additional instructions and my note. When you do, if you make a change, you can write it right on the same two verdicts we had before. And I want the change to be initialed by the foreperson, but again it needs to be unanimous. All right?

The jury went back to deliberate and then awarded Plaintiffs $5,000 each for their Fourth Amendment claims. Defendant argues Plaintiffs' request for a nominal instruction was untimely and because the jury had already issued a verdict consistent with the original jury instructions the Court should reduce Plaintiffs' damages back to the initial verdict of $0 or, alternatively, $2.

The jury instructions clearly state that the third element of the unreasonable seizure claim was that Plaintiffs were damaged. In order for the jury to find in favor of Plaintiffs they had to find damages. Because the jury initially found in favor of Plaintiffs but awarded zero damages the initial verdict was inconsistent. "It is the court's duty to harmonize inconsistent verdicts, viewing the case in any reasonable way that makes the verdicts consistent." *Anheuser-Busch, Inc. v. John Labatt, Ltd.*, 89 F.3d 1339, 1347 (8th Cir. 1996).

As a result, and after discussion from counsel, the jury was sent back with the nominal award instruction. At that time, the jury could have found in favor of Defendant if they found no damages. This was clearly set forth in the instructions. The jury could have also awarded nominal damages pursuant to the new instruction. Instead, the jury awarded $5,000 each in damages to both Plaintiffs. This verdict was consistent with the original finding in favor of Plaintiffs, that they had

suffered damages. The Court finds no manifest error that requires an amendment to the judgment. The motion is denied.

In addition, Defendant argues "under Federal Rule of Civil Procedure 51, a party waives the right to request an instruction if the party does not request the instruction before the jury retires." *Miller v. Albright*, 657 F.3d 733, 735 (8th Cir. 2011). An objection to a jury instruction is timely only if a party objects to the opportunity provided under Rule 51(b)(2). Fed. R. Civ. P.Fed. R. Civ. P. 51(c)(2)(A). The Court must give the parties an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered." Fed. R. Civ. P. 51(b)(2). "Rule 51 'helps to prevent litigants from ensuring a new trial in the event of an adverse verdict by covertly relying on the error.'" *Riggs v. Gibbs*, 66 F.4th 716, 719 (8th Cir. 2023).

Defendant cites to *Miller* stating attorneys face "the tactical dilemma that occurs when a plaintiff is forced to choose between asking for only compensatory damages and risking a zero-dollar verdict, on one hand, or requesting a nominal damages instruction and giving the jury an easy 'out' on the other hand." *Miller*, 657 F.3d at 738. Defendant contends here, like the *Miller* plaintiff, Plaintiffs "neither requested a nominal damages instruction nor objected to the damages instructions or the verdict form at the instructions conference."

In *Miller,* the jury entered a verdict for the plaintiff on the unlawful entry claim. The jury, however, wrote "none" on the damages line of the verdict form. After the verdict was read, but before the jury was discharged, counsel for plaintiff approached the bench and requested that the district court direct the jury to award nominal damages. The Court denied the request. Plaintiff then filed a motion to alter or amend the judgment to include an award of nominal damages, but that motion was also denied. *Miller v. Albright*, 657 F.3d at 735. The Eighth Circuit affirmed the decision that the district court did not plainly err in denying Plaintiff's motion to alter or amend

the judgment to award nominal damages. In *Miller,* the plaintiff waived his right to appeal any error in the jury instructions and verdict form because he failed to object to them. Further, the case involved an unlawful entry violation.

Here, the facts are different. The parties engaged in a discussion about an inconsistent verdict. The jury had found that Plaintiffs were damaged but then entered none as the damages amount. Unlike in *Miller,* in discussing the options available, counsel for Defendant stated: "we're fine with the nominal damage instruction given." Then, after the jury was sent back to deliberate, the jury again found Plaintiffs were damaged, but this time awarded an amount of $5,000. The jury could have found in favor of the Defendant, could have entered an award of nominal damages, or award damages as they did.

In *Miller,* the Eight Circuit noted a split in circuits on an exception to Rule 51(c)(1). The First Circuit has held: "a plaintiff may request the judge to instruct the jury on nominal damages, or in the absence of such an instruction, may ask the trial court for nominal damages on the occasion of, or immediately after, the return of the verdict." *Id*., citing *Azimi v. Jordan's Meats, Inc*., 456 F.3d 228, 240 (1st Cir. 2006). However, other circuits have declined to do so. *Id.*, citing *Oliver v. Falla*, 258 F.3d 1277, 1282 (11th Cir.2001) (holding that the right to nominal damages for Eighth Amendment violations can be waived if such damages are not timely requested); *Piaubert v. MacIntosh*, 10 Fed.Appx. 503 (9th Cir.2001) (unpublished opinion) (holding that the right to nominal damages was waived in a breach of duty action when plaintiff failed to raise the issue of nominal damages until after the verdict); *Salazaar v. Encinias*, 242 F.3d 390 (10th Cir.2000) (unpublished table decision) (holding that plaintiff waived the right to nominal damages in an excessive force case because nominal damages were not requested until after the verdict); *Alexander v. Riga*, 208 F.3d 419, 429 (3d Cir.2000) (holding that the right to nominal damages for

race discrimination claims can be waived if such damages are not timely requested); *Sims v. Mulcahy*, 902 F.2d 524, 536 (7th Cir.1990) (holding that plaintiff's failure to timely challenge jury instruction regarding nominal damages on an unlawful entry claim waived her right to raise the issue on appeal). In *Miller,* the Eighth Circuit stated that the facts of the case did not warrant consideration of whether an exception to Rule 51 should be adopted. *Id.* at 738.

Defendant argues Plaintiffs' request for an instruction on nominal damages after the jury awarded them no damages was untimely and, thus, waived. Defendant states when the jury initially awarded Plaintiffs $0 in damages, the jury unambiguously found that Plaintiffs suffered no compensable damages. Citing *Corpus v. Bennett*, 430 F.3d 912, 916 (8th Cir. 2005). As a result, Defendant moves the Court to reduce Plaintiffs' award to the amount the jury initially found Plaintiff to have shown themselves entitled: $0.

However, as previously discussed, an element of the verdict was a finding that Plaintiffs suffered damage. As a result, the initial verdict was inconsistent. Defendant did not object to Plaintiff's argument that the verdict was inconsistent. The Court finds no basis to alter or amend the judgment.

Wherefore, for the reasons stated herein, the Court **DENIES** Defendant's Motion to Alter or Amend Judgment (Doc. 181).

**IT IS SO ORDERED.**

DATED: March 6, 2025

***/s/ Douglas Harpool***
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| **D. BART ROCKETT, as next friend of his minor children, K.R. and B.R,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 6:21-cv-03152-MDH** |
| **THE HONORABLE ERIC EIGHMY,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Plaintiffs' Motion for Attorney's Fees and Non-Taxable Costs. (Doc. 176). Plaintiffs move for an Order awarding reasonable attorneys' fees and costs against Defendant as a prevailing party under 42 U.S.C. §1988.

Plaintiffs' Complaint initially asserted four claims: Count I: Fourth Amendment seizure for the Taney County jailing; Count II: First Amendment retaliation for the Taney County jailing; Count III: Fourth Amendment seizure for the Louisiana jailing; and Count IV: Substantive Due Process, Taney County and the Louisiana jailings.

Initially, this Court denied Judge Eighmy's motion to dismiss based on judicial immunity. On appeal, the Eighth Circuit affirmed the Court's denial of judicial immunity as to the Taney County events but reversed this Court's decision with regard to any claims arising out of the Louisiana jailing. On remand, Plaintiffs amended their complaint to include: Count I – Unreasonable Seizure, Taney County Jailing; Count II – Retaliation for Exercise of First Amendment Rights; Count III – Due Process violation in Taney County, Missouri. Plaintiffs

dropped any claims arising out of the Louisiana events. The amended Complaint also added Kadan Rockett as a party in his own right, since he had turned 18 years of age.

At trial, the jury was presented with three counts against Defendant: the Fourth Amendment seizure; the First Amendment retaliation; and the Substantive Due Process violation. The jury found in favor of Plaintiffs on the count of unreasonable seizure and in favor of Defendant on the other two counts. The jury ultimately returned a verdict of $5,000 for each child on the Fourth Amendment seizure claim. The jury did not award punitive damages.

Plaintiffs' counsel now moves the Court for an award of **$418,830.72**. Defendant has filed his opposition arguing the Court should deny an award of attorney fees in the entirety or alternatively disallow all fees after the mediation and reduce pre-mediation fees by a substantial percentage to reflect the extremely underwhelming degree of any perceived "victory."[1]

**STANDARD OF REVIEW**

The district court has discretion to award reasonable attorney's fees to a party who prevails in a claim filed under 42 U.S.C. § 1983. See 42 U.S.C. § 1988(b). In a § 1983 case, the Court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). A party is a prevailing party under § 1988 if he succeeds on any significant issue in the case "which achieves some of the benefit the part[y] sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoted case omitted); see *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (a prevailing party is one who obtains "at least some relief on the merits of his claim").

[1]The Court notes Defendant's long citation to cases in support of its argument that even if a plaintiff technically "prevails" under § 1988 there are scenarios where the Court should order no attorneys' fees. See Doc. 186, pp. 9-10. The Court does not find this case to be one of those scenarios.

## DISCUSSION

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S. Ct. 1933, 1939–40, 76 L. Ed. 2d 40 (1983). The "lodestar" method of determining a fee award "focuses on 'the significance of the overall relief obtained by the plaintiff in relation to the hours actually expended on the litigation.'" *Jensen v. Clarke*, 94 F.3d 1191, 1203 (8th Cir. 1996) (internal citation omitted). In addition, when determining hourly rates, "courts may draw on their own experience and knowledge of prevailing market rates." *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005) (internal citation omitted).

The Court finds that Plaintiffs are prevailing parties. While Defendant argues that the Court should deny attorneys' fees in the entirety the Court finds Plaintiffs did ultimately prevail in this case. The Court also takes into account that Plaintiffs did not prevail on all of their claims. As the Eighth Circuit held, Plaintiffs' claims based on events that occurred in Louisianna were entitled to judicial immunity. In addition, the jury returned a verdict in favor of Defendant on two of the claims. Therefore, while the Court finds Plaintiffs are prevailing parties, they certainly did not prevail on all the claims that were initially brought in this case. The Court has taken this into account in its analysis of the fee award.

With regard to the hours expended, there is no precise rule or formula for making a determination of an attorney's fees award. *Hensley v. Eckerhart*, 461 U.S. at 436. The Court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* at 436-37. Hours that are excessive, redundant or otherwise unnecessary are not to be included in an award of fees. *Id.* at 434.

The Court has reviewed Plaintiffs' motion and finds that a reduction of the fees is reasonable to account for the limited success of the Plaintiffs. Plaintiffs did not prevail on several of their claims. The fees requested are disproportionate (40 times higher) to the modest relief granted their clients by the jury. The relief granted was approximately 1% of that requested by Plaintiffs' counsel in closing argument.

The Court has reviewed the record before it and has also drawn on its own experience and knowledge of prevailing rates for attorney fees in the community. The Court finds reducing the hourly rates of the attorneys to $475 for Mr. Eastwood and Mr. Schock and $375 for Mr. Howell are reasonable. The Court further uses its discretion to reduce the overall fee by 10%. The Court has not specifically found that any hours should be eliminated. Instead, the Court has reduced the hourly rate and the overall fee requested to arrive at a reasonable attorney fee award based on the circumstances in this case.

Finally, the Court has reviewed Plaintiffs' requested costs for mileage, hotel, and other expenses and finds they are reasonable.

## DECISION

Wherefore, the Court hereby **GRANTS** Plaintiff's Motions for Attorney's Fees as set forth herein. However, the Court reduces the total award requested by Plaintiff. Plaintiff is hereby awarded attorney's fees, litigation expenses and costs in the amount of **$326,637.22.**

**IT IS SO ORDERED.**

DATED: March 6, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

*UNITED STATES DISTRICT COURT*
*WESTERN DISTRICT OF MISSOURI*
*SOUTHERN DIVISION*

**JUDGMENT IN A CIVIL CASE**

| | | |
|---|---|---|
| D. BART ROCKETT, et al., | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 21-3152-CV-S-MDH |
| | ) | |
| ERIC DELL EIGHMY, | ) | |
| | ) | |

__ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

X Decision by Court. This action came to determination before the Court. The issues have been determined and a decision has been rendered.

Plaintiff is hereby awarded attorney's fees, litigation expenses and costs in the amount of $326,637.22.

**IT IS SO ORDERED**.

March 7, 2025 — Date

Paige Wymore-Wynn — Clerk of Court

Entered on: March 6, 2025

s/Linda Howard
(By) Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| **D. BART ROCKETT, as next friend of his minor children, K.R. and B.R,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **Case No. 6:21-cv-03152-MDH** |
| **THE HONORABLE ERIC EIGHMY,** | ) | |
| **Defendant.** | ) | |

**ORDER**

Before the Court is Plaintiffs' Bill of Costs. (Doc. 175). Plaintiffs seek an award of $10,357.61 for fees corresponding to filing fees, printed or electronically recorded transcripts, copies, and printing. Defendant objected to the motion to supplement the bill of costs and the Court issued an Order denying the motion to supplement the bill of costs to add mediation fees.

Wherefore, after a review of the record, the Court hereby approves the bill of costs and Plaintiffs are awarded costs in the amount of $10,357.61.

**IT IS SO ORDERED.**

DATED: March 11, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

*UNITED STATES DISTRICT COURT*
*WESTERN DISTRICT OF MISSOURI*
*SOUTHERN DIVISION*

**AMENDED JUDGMENT IN A CIVIL CASE**

| | | |
|---|---|---|
| D. BART ROCKETT, et al., | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 21-3152-CV-S-MDH |
| | ) | |
| ERIC DELL EIGHMY, | ) | |
| | ) | |

__ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

_x_ Decision by Court. This action came to determination before the Court. The issues have been determined and a decision has been rendered.

Plaintiff is hereby awarded attorney's fees, litigation expenses and costs in the amount of $326,637.22. (Order, Doc. 199)

The Court approves the bill of costs and Plaintiffs are awarded costs in the amount of $10,357.61. (Order, Doc. 202)

**IT IS SO ORDERED**.

March 11, 2025 — Paige Wymore-Wynn
Date — Clerk of Court

Entered on: March 11, 2025 — s/Linda Howard
(By) Deputy Clerk

United States Code Annotated
Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
Title VI. Trials

Federal Rules of Civil Procedure Rule 49

Rule 49. Special Verdict; General Verdict and Questions

Currentness

**(a) Special Verdict.**

**(1)** ***In General.*** The court may require a jury to return only a special verdict in the form of a special written finding on each issue of fact. The court may do so by:

**(A)** submitting written questions susceptible of a categorical or other brief answer;

**(B)** submitting written forms of the special findings that might properly be made under the pleadings and evidence; or

**(C)** using any other method that the court considers appropriate.

**(2)** ***Instructions.*** The court must give the instructions and explanations necessary to enable the jury to make its findings on each submitted issue.

**(3)** ***Issues Not Submitted.*** A party waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury. If the party does not demand submission, the court may make a finding on the issue. If the court makes no finding, it is considered to have made a finding consistent with its judgment on the special verdict.

**(b) General Verdict with Answers to Written Questions.**

**(1)** ***In General.*** The court may submit to the jury forms for a general verdict, together with written questions on one or more issues of fact that the jury must decide. The court must give the instructions and explanations necessary to enable the jury to render a general verdict and answer the questions in writing, and must direct the jury to do both.

**(2)** ***Verdict and Answers Consistent.*** When the general verdict and the answers are consistent, the court must approve, for entry under Rule 58, an appropriate judgment on the verdict and answers.

**(3)** ***Answers Inconsistent with the Verdict.*** When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may:

WESTLAW © 2025 Thomson Reuters. No claim to original U.S. Government Works.

**(A)** approve, for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict;

**(B)** direct the jury to further consider its answers and verdict; or

**(C)** order a new trial.

**(4)** ***Answers Inconsistent with Each Other and the Verdict.*** When the answers are inconsistent with each other and one or more is also inconsistent with the general verdict, judgment must not be entered; instead, the court must direct the jury to further consider its answers and verdict, or must order a new trial.

**CREDIT(S)**

(Amended January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007.)

**<Amendments received through April 1, 2025>**

Fed. Rules Civ. Proc. Rule 49, 28 U.S.C.A., FRCP Rule 49
Including Amendments Received Through 6-1-2025

**End of Document** © 2025 Thomson Reuters. No claim to original U.S. Government Works.

 © 2025 Thomson Reuters. No claim to original U.S. Government Works. 

United States Code Annotated
Federal Rules of Civil Procedure for the United States District Courts (Refs & Annos)
Title VI. Trials

Federal Rules of Civil Procedure Rule 51

Rule 51. Instructions to the Jury; Objections; Preserving a Claim of Error

Currentness

**(a) Requests.**

**(1)** ***Before or at the Close of the Evidence.*** At the close of the evidence or at any earlier reasonable time that the court orders, a party may file and furnish to every other party written requests for the jury instructions it wants the court to give.

**(2)** ***After the Close of the Evidence.*** After the close of the evidence, a party may:

**(A)** file requests for instructions on issues that could not reasonably have been anticipated by an earlier time that the court set for requests; and

**(B)** with the court's permission, file untimely requests for instructions on any issue.

**(b) Instructions.** The court:

**(1)** must inform the parties of its proposed instructions and proposed action on the requests before instructing the jury and before final jury arguments;

**(2)** must give the parties an opportunity to object on the record and out of the jury's hearing before the instructions and arguments are delivered; and

**(3)** may instruct the jury at any time before the jury is discharged.

**(c) Objections.**

**(1)** ***How to Make.*** A party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection.

**(2)** ***When to Make.*** An objection is timely if:

**(A)** a party objects at the opportunity provided under Rule 51(b)(2); or

**(B)** a party was not informed of an instruction or action on a request before that opportunity to object, and the party objects promptly after learning that the instruction or request will be, or has been, given or refused.

**(d) Assigning Error; Plain Error.**

**(1)** ***Assigning Error.*** A party may assign as error:

**(A)** an error in an instruction actually given, if that party properly objected; or

**(B)** a failure to give an instruction, if that party properly requested it and--unless the court rejected the request in a definitive ruling on the record--also properly objected.

**(2)** ***Plain Error.*** A court may consider a plain error in the instructions that has not been preserved as required by Rule 51(d)(1) if the error affects substantial rights.

**CREDIT(S)**

(Amended March 2, 1987, effective August 1, 1987; March 27, 2003, effective December 1, 2003; April 30, 2007, effective December 1, 2007.)

**<Amendments received through April 1, 2025>**

Fed. Rules Civ. Proc. Rule 51, 28 U.S.C.A., FRCP Rule 51
Including Amendments Received Through 6-1-2025

End of Document © 2025 Thomson Reuters. No claim to original U.S. Government Works.