No. 25-1664

# In the United States Court of Appeals for the Eighth Circuit

BROOKLYN ROCKETT; KADAN ROCKETT,
*Plaintiffs–Appellees*,

v.

ERIC EIGHMY, IN HIS INDIVIDUAL CAPACITY ONLY,
*Defendant–Appellant.*

On Appeal from the United States District Court
for the Western District of Missouri
No. 6:21-cv-03152-MDH (Hon. M. Douglas Harpool)

## MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE INSTITUTE FOR JUSTICE IN SUPPORT OF PLAINTIFFS-APPELLEES

Dylan Moore
Anya Bidwell
Patrick Jaicomo
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
dmoore@ij.org

Counsel for Amicus Curiae

In accordance with Federal Rule of Appellate Procedure 29(a)(2) and Eighth Circuit Rule 29A, the Institute for Justice respectfully moves the Court for leave to file the attached amicus curiae brief in support of Plaintiffs-Appellees Kadan and Brooklyn Rockett. Counsel for both parties have consented to the filing of IJ's brief.

Last time this case was before the Court, it granted IJ leave to file an amicus brief. *See* Brief for the Institute for Justice as *Amicus Curiae* in Support of Plaintiff-Appellee, *Rockett v. Eighmy*, No. 21-9303 (8th Cir. Apr. 18, 2022). The Court should do the same here. IJ litigates cases across the country challenging immunity doctrines—including qualified immunity—that prevent victims of government abuse from recovering for the injuries they've suffered. Alongside its litigation efforts, IJ produces historical and empirical scholarship addressing issues of government immunity.

In the attached brief, IJ adds several broader points to the arguments before the Court, explaining that qualified immunity should not be expanded to immunize defendants like Judge Eighmy who obviously violate the constitutional rights of innocent people. This is especially true when, as here, defendants have time to deliberate before acting. More generally, the Court should hesitate to apply qualified immunity because the doctrine is indefensible as a matter of legal history. Although qualified immunity is allegedly a vestige of common law, modern applications of the

doctrine would be unrecognizable to founding-era jurists. And even if qualified immunity does have its roots in the common law, the passage of 42 U.S.C. § 1983 abrogated preexisting defenses that may have applied beforehand—including qualified immunity. Indeed, cutting-edge legal scholarship examining § 1983's original "Notwithstanding Clause" makes clear that the statute has always foreclosed the qualified immunity defense.

For the foregoing reasons, the Institute for Justice respectfully requests that the Court grant leave to file the attached amicus brief in support of Plaintiffs-Appellees Kadan and Brooklyn Rockett.

Dated: July 29, 2025.

Respectfully submitted,

/s/ Dylan Moore
Dylan Moore
Anya Bidwell
Patrick Jaicomo
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9329
dmoore@ij.org
abidwell@ij.org
pjaicomo@ij.org

*Counsel for Amicus Curiae*
*Institute for Justice*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was filed electronically on July 29, 2025, and thus, will be served electronically upon all counsel. I further certify that, upon this brief being file-accepted, one paper copy will be served on counsel for each party by commercial carrier under Local Rule 28A(d) and Federal Rule of Appellate Procedure 25(c)(1)(C).

/s/ Dylan Moore
Dylan Moore

*Counsel for Amicus Curiae*
*Institute for Justice*

## CERTIFICATE OF COMPLIANCE

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2), excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), because this motion contains 315 words.

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because this motion has been prepared using Microsoft Office Word and is set in Equity A font in a size equivalent to 14 points or larger.

3. The undersigned attorney certifies that this motion has been scanned for viruses. To the best of our ability and technology, we believe this motion to be virus free.

/s/ Dylan Moore
Dylan Moore

*Counsel for Amicus Curiae*
*Institute for Justice*