No. 25-1664

# In the United States Court of Appeals for the Eighth Circuit

BROOKLYN ROCKETT; KADAN ROCKETT,
*Plaintiffs–Appellees*,

v.

ERIC EIGHMY, IN HIS INDIVIDUAL CAPACITY ONLY,
*Defendant–Appellant.*

On Appeal from the United States District Court
for the Western District of Missouri
No. 6:21-cv-03152-MDH (Hon. M. Douglas Harpool)

**MOTION OF THE INSTITUTE FOR JUSTICE FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS-APPELLEES AND AFFIRMANCE**

Dylan Moore
Anya Bidwell
Patrick Jaicomo
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
dmoore@ij.org

Counsel for Amicus Curiae

Pursuant to Federal Rule of Appellate Procedure 29(a)(8), amicus curiae the Institute for Justice respectfully moves this Court for leave to participate in oral argument in this case. Counsel for Plaintiffs-Appellees has consented to yield five minutes of argument time to amicus, and Defendant-Appellant's counsel is not opposed to amicus's participation.

In support of this motion, amicus states:

1. The Institute for Justice (IJ) is a national, nonprofit law firm dedicated to upholding individuals' constitutional rights. The foundation of those rights is the ability to hold the government and its officials accountable for conduct that violates the Constitution. As a result, part of IJ's mission is to remove the various barriers to the enforcement of individual rights.

2. The last time this case came before this Court, IJ filed an amicus brief that discussed the scope of judicial immunity. *See* Brief for the Institute for Justice as *Amicus Curiae* in Support of Plaintiff-Appellee, *Rockett v. Eighmy*, 71 F.4th 665 (8th Cir. 2023) (No. 21-3903). On February 1, 2023, the Court granted IJ's motion to participate in oral argument, which occurred on February 16, 2023. *See* February 1, 2023 Order Granting Motion to Participate in Oral Argument, *Rockett v. Eighmy*, 71 F.4th 665 (8th Cir. 2023) (No. 21-3903).

3. Now that this case is back up on appeal, IJ has filed another amicus brief in support of Plaintiffs-Appellees on July 30, 2025. This time, amicus's brief discusses the scope of a different immunity doctrine: qualified immunity. Amicus's brief explains that qualified immunity should not extend to obvious constitutional violations (like those at issue here) and that qualified immunity is unjustified as a matter of legal history.

4. Alongside participating as an amicus in this and other important government-immunity cases, IJ represents individuals seeking to hold government officials accountable for violating their rights. *See, e.g.*, *Gonzalez v. Trevino*, 602 U.S. 653 (2024) (First Amendment retaliation); *Martin v. United States*, 605 U.S. 395 (2025) (Federal Tort Claims Act). Many of IJ's active cases involve qualified immunity. *See, e.g.*, *Box v. Tony*, No. 24-cv-61734, 2025 WL 3085197, at *6–7 (S.D. Fla. Sept. 3, 2025) (finding, at the motion-to-dismiss stage, that qualified immunity did not protect officers who arrested an innocent woman on Christmas Eve and detained her for three days).

5. Beyond litigation, IJ publishes original research addressing the problems posed by government immunity doctrines. *See, e.g.*, Patrick Jaicomo & Daniel Nelson, *Section 1983 (Still) Displaces Qualified Immunity*, 49 Harv. J.L. & Pub. Pol'y ____ (forthcoming 2026), *available at* https://papers.ssrn.com/sol3/

papers.cfm?abstract_id=5124275; Jared McClain & Dylan Moore, *What's in a Name?: How the Eleventh Circuit Ignored the Fourth Amendment to Hold that a Warrant for One Person Authorizes the Detention of Others*, 79 U. Miami L. Rev. 783 (2025); Patrick Jaicomo & Anya Bidwell, *Recalibrating Qualified Immunity: How* Tanzin v. Tanvir*,* Taylor v. Riojas*, and* McCoy v. Alamu *Signal the Supreme Court's Discomfort with the Doctrine of Qualified Immunity*, 112 J. Crim. L. & Criminology 105 (2022); Marie Miller *et al.*, *Constitutional GPA* (last accessed Dec. 16, 2025), ij.org/GPA.

6. IJ is interested in this case because it raises important questions about government accountability. As IJ explains in its amicus brief, Defendant-Appellant's actions are protected by qualified immunity only if the Court turns a blind eye to the obviousness of his constitutional violations. Given qualified immunity's shaky historical pedigree, the Court should not extend the doctrine to cover such egregious actions.

7. As amicus, IJ can bring significant experience and expertise to bear on the question presented by this appeal. IJ has litigated numerous cases involving government accountability, including the cases discussed above. IJ can speak in detail on qualified immunity's history—and its ahistorical evolution.

8. At the same time, IJ does not seek to interject any issues into this appeal that are not already raised by the parties' briefing. Plaintiffs-Appellees have argued that

qualified immunity does not and should not protect Defendant-Appellant's conduct. That is the issue IJ seeks to address.

9. IJ's participation at oral argument would not prejudice Defendant-Appellant. Indeed, Defendant-Appellant does not oppose IJ's request to participate. And as noted above, IJ does not seek to inject any issue that has not already been raised by the parties. Instead, IJ simply seeks to bring additional experience and expertise to bear on the questions that are already presented by this appeal.

10. IJ's participation would not enlarge the time required for oral argument. The Court has allotted 15 minutes to each side for oral argument; Plaintiffs-Appellees have agreed to yield 5 minutes of argument time to IJ.

11. Finally, granting this motion would not affect the oral argument schedule. The Court has set oral argument for January 14, 2026, and counsel for amicus is available during that time.

## CONCLUSION

For the reasons explained above, amicus respectfully requests that the Court enter an order granting amicus leave to participate in oral argument on time yielded by Plaintiffs-Appellees.

Dated: December 30, 2025.

Respectfully submitted,

/s/ Dylan Moore

Dylan Moore
Anya Bidwell
Patrick Jaicomo
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203
(703) 682-9320
dmoore@ij.org
abidwell@ij.org
pjaicomo@ij.org

*Counsel for Amicus Curiae Institute for Justice*

## CERTIFICATE OF COMPLIANCE

Under Federal Rule of Appellate Procedure 32(g), I hereby certify that:

1. This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 29(a)(5) because this motion contains 815 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

2. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) because this motion has been prepared using Microsoft Office Word and is set in Equity A font in a size equivalent to 14 points or larger.

3. This motion has been scanned for viruses. To the best of our ability and technology, we believe this motion to be virus free.

/s/ Dylan Moore
Dylan Moore

*Counsel for Amicus Curiae*
*Institute for Justice*

## CERTIFICATE OF SERVICE

I certify that on December 30, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to any CM/ECF participants.

/s/ Dylan Moore
Dylan Moore

*Counsel for Amicus Curiae*
*Institute for Justice*