HUGH A. EASTWOOD
Attorney at Law

*Tel.* 314.809.2343 *eFax* 314.228.0107
hugh@eastwoodlawstl.com

www.eastwoodlawstl.com
8112 Maryland Ave., Ste. 400-4 | St. Louis, Missouri 63105–3700

April 10, 2026

Ms. Susan E. Bindler, Clerk of Court
United States Court of Appeal for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th St.
St. Louis, Missouri 63102

Re: *Brooklyn Rockett, et al. v. Eric Eighmy,* No. 25-1664

Dear Ms. Bindler:

Appellees the Rockett children respond to Appellant Eighmy's Rule 28(j) letter citing *Zorn v. Linton,* No. 25-297, slip op. (U.S. March 23, 2026):

*Zorn* has no bearing on this case. *Zorn* is a use of force case where the critical issue was whether a police officer's use of a specific pain-compliance technique on an adult trespasser, after repeated warnings, was unconstitutionally excessive. Slip op. at 5 (discussing *Amnesty America v. West Hartford,* 362 F.3d 113 (2d Cir. 2004)). *Zorn* otherwise relies on *District of Columbia v. Wesby* for the unremarkable proposition that a "high degree of specificity" is required for a right to be clearly established when law enforcement officers use force after a warning. Slip op. at 5 (citing 538 U.S. 48, 63-64 (2018)). *Wesby* also recognizes the "obvious case," where the unlawfulness of the conduct is "sufficiently clear." *Id.* at 64.

*Zorn* doesn't entitle Eric Eighmy, a state court judge, to qualified immunity. First, Judge Eighmy used coercion, not force, to seize two children without probable cause. By contrast, the police officer in *Zorn* had probable cause; the question was whether it was clearly established that the force was excessive.

Second, while the precise force technique a police officer may use on an adult trespasser might be factually messy, the question of whether a judge can seize a child without any cause at all is not. The Rocketts' briefing and that of

amicus the Institute for Justice show that it was obvious and "sufficiently clear," *id.,* that the circumstances here—of children wanting to go home with their father rather than their mother—did not present probable cause for a reasonable *judge* to seize and jail children *himself*.

Third, to the extent this Court believes that a case with "similar circumstances," *id.*, is required, the briefing cites a "body of relevant case law," *id.*, that clearly establishes that Judge Eighmy lacked probable cause to seize a child without a court order, probable cause, or exigent circumstances.

Respectfully submitted,

*/s/ Hugh A. Eastwood*
Hugh A. Eastwood, 62058MO
8112 Maryland Ave., Suite 400-4
St. Louis, Missouri 63105-3700
hugh@eastwoodlawstl.com
(314) 809 2343
(314) 228 0107 eFax

*Lead Attorney for Appellees*
*Brooklyn Rockett and Kadan Rockett*

**Certificate of Compliance**

I certify that the body of this letter contains 328 words as counted by Microsoft Word.

*/s/ Hugh A. Eastwood*

**Certificate of Service**

I certify that on April 10, 2026, this letter was electronically filed with the Clerk of the Court to be served on all counsel of record by operation of the Court's CM/ECF system.

*/s/ Hugh A. Eastwood*